**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

PRE-PAID LEGAL SERVICES, INC.                                                          PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:05-CV-23 WS

GILMER LAW FIRM and BARRY W. GILMER                                      DEFENDANTS

### ORDER

Before the court is the motion of the plaintiff for summary judgment [**docket # 54**] brought under Rule 56(a)[1] of the Federal Rules of Civil Procedure, and this court, finding that there are genuine issues of material fact which prevent this court from granting the moving party a judgment as a matter of law, hereby denies this motion. The motion fo the defendants to hold the summary judgment motion in abeyance [**docket # 57**], which was withdrawn by the moving party, is terminated as moot.

Next, the motion of the defendants to dismiss this case under Rule 12(b)(6)[2] [**docket # 109**] is denied.  The defendants' Rule 12(b)(6) motion raises matters outside the pleadings and is factually insufficient at this time.  Rule 12(b) provides that, "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the

---

[1] Rule 56(a) of the Federal Rules of Civil Procedure provides that , "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof."

[2] Rule 12(b)(6) of the Federal Rule of Civil Procedure provides in part that, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted, ..."

pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 , and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56," not Rule 12(b).  *Thurmond v. Compaq Computer Corporation*, 171 F.Supp. 2d 667, 673 (E.D. Tex. 2001).  Furthermore, the defendant's 12(b)(6) motion is based on the applicable Mississippi statute of limitations.  This court finds that  the pleadings in this case do not establish with certainty that this action is time-barred, or that some basis for tolling is not present.  *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003).

Finally, the motion for attorney fees [**docket # 113**] is denied; the motion to exceed the page limit for briefing in this court [**docket # 114**] is granted, and all remaining motions for extension of time and to strike responses [**docket ## 115, 124, 125, 127, and 128**] are terminated as moot.

The pretrial conference in this matter remains set for November 21, 2006.  Trial remains set for December 4, 2006, but the parties are directed by the court to keep open the date of December 11, 2006, in the event this court, for the reasons explained to the parties at the motion hearing, must continue the trial.

**SO ORDERED,** this the 8th day of November, 2006.

                                      s/ HENRY T. WINGATE
                                      CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:05-CV-23 WS
Order